[Crim. No. 1586. In Bank.—July 20, 1910.]

## THE PEOPLE, Respondent, v. WILBUR BENJAMIN, Appellant.

CRIMINAL LAW—EVIDENCE—MURDER IN FIRST DEGREE.—On an appeal from a judgment convicting the defendant of murder in the first degree, the evidence is reviewed and held sufficient to warrant the conclusion that the defendant was the perpetrator of the crime.

ID.—STATEMENTS BY DEFENDANT AFTER ARREST—ADMISSION WHEN NOT ERRONEOUS.—Notwithstanding a conflict in the evidence as to whether extra-judicial statements of the defendant, shortly after his arrest, were freely and voluntarily made, without improper persuasion or inducement, their admission in evidence cannot be held erroneous when the preponderance of evidence shows that they were so made.

APPEAL from a judgment of the Superior Court of Yolo County and from an order refusing a new trial. N. A. Hawkins, Judge.

The facts are stated in the opinion of the court.

T. A. Ragain, for Appellant.

W. A. Anderson, District Attorney, for Respondent.

ANGELLOTTI, J.—The defendant was informed against in the superior court of Yolo County on October 16, 1909, for the crime of murder in the killing of one Violette Gilmer. His trial resulted in a verdict of murder in the first degree, on November 19, 1909, and on November 22, 1909, he was adjudged to suffer death. He appeals to this court from the judgment and from an order denying his motion for a new

trial. The record on appeal was filed herein on December 11, 1909. No brief has been filed on appellant's behalf, nor did any one appear for him when the case was regularly called for argument. This being a capital case we nevertheless have examined the record and find nothing warranting interference with the action of the lower court.

The evidence shows that the killing of Violette Gilmer was a most atrocious and brutal one, amounting, beyond the possibility of a doubt, to murder in the first degree. No one could claim that the person guilty of this crime should not suffer the extreme penalty of the law. The question of fact on the trial was whether this defendant was the person who committed the homicide. His own extra-judicial statements, made in the presence and hearing of his father, the district attorney, an official stenographer, and certain other officers, shortly after his arrest, considered in connection with the evidence of other witnesses as to his whereabouts at and about the time of the commission of the crime, were certainly sufficient to warrant the conclusion that he was the perpetrator. Indeed, in view of the evidence, it is difficult to see how one could have a reasonable doubt on that question.

Perhaps the most debatable question presented by the record is whether the statements of the defendant above referred to were made under such circumstances that they could properly be received in evidence. There was, it is true, some conflict in the evidence as to whether they were freely and voluntarily made, without improper persuasion or inducement. But the preponderance of the evidence on this question was in favor of the view that the statements were freely and voluntarily made, without improper persuasion or inducement, and it cannot be held that the court erred in admitting them in evidence.

We have read the whole record in this case and find no reason to doubt that the defendant has had a fair trial on the merits, and that he has been deprived of no substantial right.

The judgment and order denying a new trial are affirmed.

Shaw, J., Sloss, J., Lorigan, J., Melvin, J., and Beatty, C. J., concurred.